Charles Cizek, Minor, by Emma Cizek, His Mother and Next Friend, Appellee, v. Union Stock Yard and Transit Company, Appellant.

### Gen. No. 40,251.

Opinion filed February 1, 1939.

WINSTON, STRAWN & SHAW, of Chicago, for appellant; GEORGE B. CHRISTENSEN and DOUGLAS C. MOIR, both of Chicago, of counsel.

JULIUS H. SELINGER, of Chicago, for appellee.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

Defendant brings this appeal from a judgment entered in the municipal court for the sum of $500 in favor of plaintiff and against defendant for injuries alleged to have been sustained by plaintiff while walking beside an automobile truck loaded with lumber. Said truck tipped when one of its wheels fell into a water shut-off box located on a private roadway of the Union Stockyards in Chicago, thereby injuring plaintiff.

Plaintiff's allegation of claim states the following:

"That the defendant had carelessly, negligently, wilfully and wantonly neglected, failed and refused to maintain the wooden cover thereof in a safe condition and had permitted the same to become rotten, decayed, broken and worn to a degree which rendered it a hazard and that the dangerous character thereof was not perceptible to the plaintiff by reason of the layer of dirt, soil and other material then upon it";

Without taking up the subject of the evidence we might observe that the undertaking by plaintiff to allege and prove that the condition of the wooden cover of the box was wilfully and wantonly permitted to exist, is quite a task. Plaintiff apparently relies on the doctrine of *res ipsa loquitur* to prove his case. We do not understand it to be the law that this doctrine applies to wilful and wanton negligence, and counsel has cited no cases supporting such contention.

At the conclusion of all the evidence and arguments by counsel, the trial court gave some 16 instructions to the jury, the last of which reads as follows:

"The court instructs the jury that there has been no evidence introduced on this trial tending to prove the allegations of negligence in plaintiff's statement of claim and you should therefore find the defendant not guilty as to said allegations."

The jury returned a verdict for $500 in favor of plaintiff upon which the court entered a judgment. We are at a loss to understand why the trial court gave this peremptory instruction, which found as a matter of law that there was not sufficient evidence to go to the jury, and did not insist upon having its instruction carried out and having such a verdict returned as so directed. Further, the trial judge, having found there was not sufficient evidence, we do not understand on what basis the judgment was entered on the verdict. The inconsistent instructions given make it impossible to determine upon what theory of the case the judgment is based. Was there or was there not sufficient evidence to go to the jury? Part of the instructions proceed on the theory that there was sufficient evidence, but the peremptory instruction nullifies such assumption and directs the jury to do something which they did not do and which the court failed to compel them to do. Where the court finds as a matter of law that there is not sufficient evidence to prove the allegations of the complaint, it is the court's duty to give the peremptory instruction and then insist that the jury return a verdict in harmony therewith. But, in this case, such was not done as we have already stated.

For the reasons set forth in this opinion, the judgment of the municipal court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HALL, P. J., and HEBEL, J., concur.